IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY A. SAVIDGE,** : | CIVIL ACTION NO. 3:08-CV-2123 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **PATRICK R. DONAHOE**, Postmaster : General, | |
| **Defendant** : | |

**MEMORANDUM**

Presently before the court is a motion for Rule 11 sanctions (Doc. 50) filed by plaintiff, Gary A. Savidge, ("Savidge"), through his attorney, Cynthia L. Pollick, Esquire, on May, 10, 2011. Defendant Patrick R. Donahoe, ("Donahoe") opposes the motion as meritless. (See Doc. 56, at 2). For the reasons that follow, the court will deny Savidge's motion.

I. **Background**

The instant litigation arises from an employment relationship between the parties. (Doc. 1 ¶ 2). Savidge contends that, due to his disabilities of fibromyalgia and peroneal nerve palsy, his former employer, the United States Postal Service discriminated against him. Specifically, he asserts that: (1) on September 15, 2007, he was not selected for a custodial position, and (2) on January 28, 2008, his request for reassignment to another custodial position was denied. (Doc. 56, at 1; Doc. 1 ¶ 11). Discovery in the matter concluded on March 15, 2011. (See Doc. 37). On April 15, 2011, Donahoe filed a motion for summary judgment with a thirty-seven-page,

two-hundred-and-twenty-two-paragraph accompanying statement of material facts. (See Docs. 45, 46).

On May 10, 2011, after providing twenty-one days notice to Donahoe, Savidge filed the instant motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (See Doc. 50). Savidge contends that Donahoe's statement of material facts (Doc. 46) fails to comply with Local Rule 56.1 ("L.R. 56.1") and should be stricken from the record. According to Savidge "a 37 page document listing 222 statements could by no means constitute a short and concise statement as required." (Doc. 50, at 2). Savidge claims that Donahoe's submission is "prejudicial" and "is used just to harass Plaintiff and his counsel by overloading them with paper and work." (Doc. 51, at 2).

In response, Donahoe notes that Savidge's employment discrimination complaint is based on non-selection for two different positions, due to two different disabilities, with each disability count based on three claims. (Doc. 56, at 3). Donahoe contends that to address each non-selection and each disability, all facts cited in the Rule 56.1 statement of material facts are material and necessary to establish that he is entitled to summary judgment. Id. The motion has been fully briefed and is ripe for disposition.

**II.   Discussion**

Rule 11 sanctions are not warranted against Donahoe in the instant matter. Rule 11 of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

FED. R. CIV. P. 11(b)(1). In assessing a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010). Rule 11 sanctions are warranted only when the filing-party has acted in an "objectively unreasonable" manner, Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc., 57 F.3d 1215, 1225 (3d Cir. 1995), and "only if the filing . . . constituted abusive litigation or misuse of the court's process." Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 95 (3d Cir. 1988) (quoting Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir. 1988)).

Pursuant to Local Rule 56.1, a party moving for summary judgment must supply "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1. Local Rule 56.1 requires counsel to analyze the record evidence, identify relevant inferences of fact reasonably drawn from that evidence, and provide to the court a material statement of facts to which there is no genuine issue. See Gantt v. Absolute Machine Tools, Inc., No. 1:06-CV-1354, 2007 WL 2908254, at *3 (M.D. Pa. Oct. 4, 2007). The purpose of this rule is to "structure a party's summary

3

judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." See Hartshorn v. Throop Borough, Civ. A. No. 3:07-CV-01333, 2009 WL 761270, at *3 (M.D. Pa. Mar. 19, 2009) (quoting Gantt, 2007 WL 2908254, at *3 (internal quotations omitted)).

In the case *sub judice*, the court concludes that Donahoe's statement of material facts complies with L.R. 56.1. The mere fact that the statement of material facts is 37 pages and 222 paragraphs in length does not in itself establish that Donahoe has failed to comply with L.R. 56.1. Given the fact-specific nature of Savidge's claim alleging employment discrimination on the basis of two disabilities, a lengthy statement of material facts accompanying the motion for summary judgment is not out of the ordinary. Here, Donahoe has subdivided his statement of material facts into sections which pertain to particular aspects of the underlying motion for summary judgment. (See Doc. 46). In accordance with L.R. 56.1, each paragraph contains a citation to the record evidence relied upon to support the claim. (See id.) Additionally, in his brief in opposition to the present motion, Donahoe explains the relevance and materiality of nearly every paragraph included in his statement of material facts to support his pending motion for summary judgment. (Doc. 56). It appears, therefore, that Donahoe submitted to the court a statement of facts which will facilitate that courts direct and accurate consideration of the motion and further serve L.R. 56.1's purpose. See Willaims Controls v. Parente, Randolph, Orlando, Cary & Assocs., 39 F. Supp. 2d 517, 519 (M.D. Pa. 1999) ("[L]ocal Rule 56.1 . . . was drafted to create a simple means through which the

4

parties could identify for the court the relevant factual disputes in connection with a summary judgment motion.").

Donahoe's conduct was objectively reasonable. He provided record support for each paragraph in the statement of material facts in accordance with L.R. 56.1, and explained the necessity of each paragraph included in his submission. Donahoe has not exhibited bad faith or misuse of the court's process. The court will therefore deny Savidge's request for Rule 11 sanctions.

### III. Conclusion

For the aforementioned reasons, the court will deny Savidge's motion for Rule 11 sanctions, attorney's fees and costs. An appropriate order follows.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

Dated:      August 12, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY A. SAVIDGE,** | : CIVIL ACTION NO. 3:08-CV-2123 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PATRICK R. DONAHOE**, Postmaster General, | : |
| **Defendant** | : |

## **ORDER**

AND NOW, this 12th day of August, 2011, upon consideration of the motion for Rule 11 sanctions (Doc. 50), filed by plaintiff Gary A. Savidge, through his attorney, Cynthia L. Pollick, Esquire on May, 10, 201, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for Rule 11 sanctions (Doc. 50) is DENIED.

2. Plaintiff shall submit his response to the Statement of Material Facts (Doc. 46) within fourteen (14) days of the date of this order.

        S/ Christopher C. Conner  
        CHRISTOPHER C. CONNER  
        United States District Judge