IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY A. SAVIDGE** | : | CIVIL ACTION NO. 3:08-CV-2123 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PATRICK R. DONAHOE** | : | |
| | : | |
| Defendant | : | |

### ORDER

AND NOW, this 30th day of September, 2011, upon consideration of the motion in limine (Doc. 35) filed by counsel for plaintiff, Gary A. Savidge ("Savidge"), to preclude defendant Patrick R. Donahoe, Postmaster General, from offering any evidence, testimony or mention of a shooting accident that occurred on November 21, 2009, including the investigative file from the Pennsylvania Game Commission and the testimony of three officers who investigated the incident, wherein Savidge asserts that: (1) the shooting accident, occurring approximately two years after the alleged discrimination at issue, bears no relevance to any issue of fact in this matter, see FED. R. EVID. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); (2) the introduction of the criminal charges against Savidge as a result of the accident should be precluded, see FED. R. EVID. 609(a)(2); and (3) defendant is barred from introducing character evidence at trial, see FED. R. EVID. 404(b) (stating that "evidence of other crimes, wrongs, or acts is not admissible to

prove the character of a person in order to show action in conformity therewith"), and upon further consideration of defendant's response (Doc. 38), wherein defendant contends that such evidence is relevant to the extent that Savidge seeks emotional damages from defendant, that admissibility would ensure that Savidge does not seek emotional damages not attributable to defendant's conduct,[1] and that defendant will not introduce evidence of the shooting accident except as it relates to Savidge's claim for emotional damages, nor will defendant introduce any documentation from the Pennsylvania Game Commission file or call any of its investigative officers as witnesses, and the court concluding that, depending upon the context of the incident and its relationship to Savidge's claims of <u>continuing</u> emotional distress (which must be fully developed at trial before the court can determine its admissibility), the evidence is <u>potentially</u> relevant to Savidge's claim for emotional damages, <u>see</u> FED. R. EVID. 401, but is clearly not admissible as evidence of Savidge's character, it is hereby ORDERED that Savidge's motion in limine (Doc. 35) is GRANTED in part, and DENIED in part as follows:

1. To the extent that Savidge seeks to exclude the evidence as it relates to Savidge's claim for emotional damages, the motion is DENIED <u>without prejudice</u> to Savidge's right to object to evidence that Savidge believes is improperly offered at trial.

---

[1] <u>See</u>, <u>e.g.</u>, <u>Piontek v. I.C. Sys.</u>, No. 1:08-1207, 2009 WL 1044596 (M.D. Pa., Apr. 17, 2009) (allowing introduction of evidence relevant to negate plaintiff's claim for emotional damages).

2. Counsel for the parties shall refrain from any mention of the shooting accident in opening statements or thereafter, unless the matter is properly addressed at side bar and the court deems such evidence admissible in light of the testimony on emotional distress damages.

3. The motion is GRANTED in all other respects. Defendant may not introduce evidence of the shooting incident as indicative of Savidge's character.

          S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge