**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY A. SAVIDGE** | : | **CIVIL ACTION NO. 3:08-CV-2123** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICK R. DONAHOE** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 30th day of September, 2011, upon consideration of the

motion in limine (Doc. 35) filed by counsel for plaintiff, Gary A. Savidge ("Savidge"),

to preclude defendant Patrick R. Donahoe, Postmaster General, from offering any

evidence, testimony or mention of a shooting accident that occurred on November

21, 2009, including the investigative file from the Pennsylvania Game Commission

and the testimony of three officers who investigated the incident, wherein Savidge

asserts that: (1) the shooting accident, occurring approximately two years after the

alleged discrimination at issue, bears no relevance to any issue of fact in this

matter, <u>see</u> FED. R. EVID. 401 (defining relevant evidence as "evidence having any

tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be

without the evidence"); (2) the introduction of the criminal charges against Savidge

as a result of the accident should be precluded, <u>see</u> FED. R. EVID. 609(a)(2); and (3)

defendant is barred from introducing character evidence at trial, <u>see</u> FED. R. EVID.

404(b) (stating that "evidence of other crimes, wrongs, or acts is not admissible to

prove the character of a person in order to show action in conformity therewith"),

and upon further consideration of defendant's response (Doc. 38), wherein

defendant contends that such evidence is relevant to the extent that Savidge seeks

emotional damages from defendant, that admissibility would ensure that Savidge

does not seek emotional damages not attributable to defendant's conduct,[1] and that

defendant will not introduce evidence of the shooting accident except as it relates to

Savidge's claim for emotional damages, nor will defendant introduce any

documentation from the Pennsylvania Game Commission file or call any of its

investigative officers as witnesses, and the court concluding that, depending upon

the context of the incident and its relationship to Savidge's claims of <u>continuing</u>

emotional distress (which must be fully developed at trial before the court can

determine its admissibility), the evidence is <u>potentially</u> relevant to Savidge's claim

for emotional damages, <u>see</u> Fed. R. Evid. 401, but is clearly not admissible as

evidence of Savidge's character, it is hereby ORDERED that Savidge's motion in

limine (Doc. 35) is GRANTED in part, and DENIED in part as follows:

1. To the extent that Savidge seeks to exclude the evidence as it relates to Savidge's claim for emotional damages, the motion is DENIED <u>without prejudice</u> to Savidge's right to object to evidence that Savidge believes is improperly offered at trial.

---

[1] <u>See</u>, <u>e.g.</u>, <u>Piontek v. I.C. Sys.</u>, No. 1:08-1207, 2009 WL 1044596 (M.D. Pa., Apr. 17, 2009) (allowing introduction of evidence relevant to negate plaintiff's claim for emotional damages).

2.      Counsel for the parties shall refrain from any mention of the shooting
        accident in opening statements or thereafter, unless the matter is
        properly addressed at side bar and the court deems such evidence
        admissible in light of the testimony on emotional distress damages.

3.      The motion is GRANTED in all other respects.  Defendant may not
        introduce evidence of the shooting incident as indicative of Savidge's
        character.


                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge