# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY A. SAVIDGE                     :
                                    :
                                    :
            **Plaintiff**           :
                                    :
      v.                            :      **3:08-cv-2123**
                                    :      **(JUDGE MARIANI)**
PATRICK R. DONAHOE,                 :
Postmaster General                  :
                                    :
            **Defendant**           :

## MEMORANDUM AND ORDER

In accordance with this Court's Order of August 10, 2012 (Doc. 84), the parties have filed motions in limine. The motions have been fully briefed and are now ripe for adjudication.

## STANDARD

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. However, relevant evidence "may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

## DISCUSSION

I.    Plaintiff's Motion in Limine Precluding Defendant's Exhibit 4, VA Medical Record Because It Is Confidential, Irrelevant, and Prejudicial

Plaintiff argues that Defendant should not be permitted to introduce Plaintiff's medical record from the Veteran's Affairs Hospital relating to his involuntary inpatient psychiatric treatment. Plaintiff argues that Defendant raises the medical records for an improper motive; Defendant, however, argues that the records are admissible for the purpose of establishing the degree of preexisting emotional trauma suffered by Plaintiff prior to the alleged discrimination on the part of Defendant.

Under the Federal Rules of Evidence, Defendant should be permitted to introduce evidence of prior psychological or psychiatric conditions experienced by Plaintiff because such evidence is relevant to whether the emotional trauma claimed to have been inflicted upon Plaintiff by Defendant is, in whole or in part, a result of the alleged discrimination at issue in this case. Defendant is therefore entitled to proffer such evidence solely to rebut Plaintiff's evidence that any emotional problems from which he might suffer are attributable to the alleged discrimination.

Further, consistent with Judge Connor's Order of September 30, 2011 (Doc. 69), the Court will not exclude "evidence as it relates to Savidge's claim for emotional damages," but Plaintiff shall have the right to object to evidence that Plaintiff believes is improperly offered at trial. Counsel for the parties will not be permitted to raise the shooting accident in opening statements or thereafter, unless the matter is discussed at side bar and the Court "deems such evidence admissible in light of the testimony on emotional distress damages." Evidence relating to the accidental shooting shall not be used as character evidence.

Accordingly, Plaintiff's Motion in Limine to preclude the admission of Plaintiff's psychiatric records will be granted in accordance with the above limitations.

II.    Plaintiff's Motion in Limine Precluding Defendant's Exhibits That Are Not Complete

Plaintiff seeks to preclude the admission of Defendant's Exhibits 5 and 21. Exhibit 5 "purports" to be an incomplete portion of the collective bargaining agreement between the United States Postal Service and the American Postal Workers Union. Defendant filed an Amended Brief in Opposition to the Motion in Limine, and informed the Court that it would provide the entire collective bargaining agreement as Exhibit 5(a).

Accordingly, Plaintiff's Motion in Limine will be denied as moot with regard to the use of a portion of the collective bargaining agreement.

Exhibit 21 contains two letters from the United States Postal Service to Plaintiff dated January 29, 2008, and January 28, 2008, respectively. Plaintiff objects that the January 29, 2008 letter should not be admitted into evidence without the January 28, 2008 letter that was allegedly "sent in error and retracted" by the January 29, 2008 letter.

The Court will not prohibit Defendant from introducing the January 29, 2008 letter into evidence, as it is a separate and distinct correspondence from the letter sent the prior day. Although the January 29, 2008 letter is related to the earlier correspondence, the earlier letter is not part and parcel of the later one in a way that renders it incomplete by itself. Accordingly, Plaintiff's Motion in Limine to preclude the entry of the January 29, 2008 letter into evidence will be denied.

III.    Defendant's Motion in Limine

A. Introduction of FMLA Leave Material

Defendant seeks to preclude the introduction of Plaintiff's Family Medical Leave Act paperwork because Plaintiff does not state an FMLA claim. Plaintiff claims that this paperwork will demonstrate that his 26 unscheduled absences in 2006 and 2007 were incorrectly coded in Defendant's computer system, and that this error resulted in Plaintiff appearing to miss an

unacceptable amount of unexcused work. Defendant argues that the FMLA paperwork is irrelevant to the question of whether Defendant regarded Plaintiff as being disabled.

Plaintiff's FMLA paperwork is relevant, however, because it was contained in Plaintiff's personnel file to which Defendant and his decision-makers possibly had access. The FMLA paperwork contains medical information that a reasonable jury might view as showing that the Defendant's proffered "legitimate, non-discriminatory reason" for its denial of the Plaintiff's request for a transfer to a custodial position, i.e., that his attendance record was unacceptable due to Plaintiff's absences from work, was instead a pretext for Plaintiff's unlawful discrimination based on having improperly perceived Plaintiff as disabled. Defendant, in his Reply Brief in Support of his Motion in Limine (Doc. 110), acknowledges that "Savidge's attendance records were reviewed by Human Resources (Kathy Gill) and labor relations (Paula McKee) in relation to the second reassignment in 2008." (Doc. 112, p. 1) Plaintiff, in his Brief in Opposition to Defendant's Motion in Limine (Doc. 103), argues that "[r]egardless of whether Plaintiff has raised a[n] FMLA claim in this action, the important caveat that the Defendants continue to ignore is the fact that the failure to assign FMLA leave to Plaintiff's absences is the justification provided for the second adverse employment decision." (Doc. 103, p. 5) It will be Plaintiff's burden, therefore, as part of the introduction of Plaintiff's Exhibit 1 to

show that the "failure to assign FMLA leave to Plaintiff's absences" is in whole or in part attributable to one or more of the persons who made the decision to deny Plaintiff's second request, in 2008, for transfer to a custodial position, e.g., Franco, Gill, McKee, or that after the decision to deny the Plaintiff's request for transfer to the custodial position was made, and he was apprised of the adverse decision, he brought to the attention of any one of the decision makers acting on behalf of Defendant his claim that the absences attributable to him should have been excused as FMLA-sanctioned absences. Accordingly, Plaintiff will be permitted to provide testimony regarding his FMLA paperwork in the manner prescribed above and he may enter Exhibit 1 into evidence once such testimony is adduced.

B. <u>Challenge to Scope of Plaintiff's Testimony With Regard to His Ability to Advance</u>

Defendant argues that Plaintiff should not be permitted to testify that he would have been able to advance to higher than a level 6 pay grade if Plaintiff was granted a transfer request. Defendant claims that Plaintiff never held a custodial position with the United States Postal Service, and is thus unable to provide personal knowledge about advancement in such positions. Defendant argues that any testimony offered by Plaintiff on this subject would be speculation.

The Court disagrees. Plaintiff may offer testimony regarding his personal knowledge of advancement in custodial positions with Defendant's organization. Plaintiff may not provide speculative testimony, but only information to which he can attest with his own first-hand knowledge. Defendant may object at trial to any testimony Plaintiff seeks to offer without proper foundation showing Plaintiff's personal knowledge. *See*, FED. R. EVID. 602.

Similarly, Plaintiff may testify as to the emotional distress he allegedly suffered as a result of his non-selection for a custodial position. Plaintiff may describe his first-hand experiences, and may also testify as to any medications he was prescribed, as well as any increases in dosage he was prescribed or types of medications added as well as the dates when such increases in dosage or added medications were first taken by him. Plaintiff may not, however, offer testimony concerning the medical purpose for such medications nor can he offer testimony about the medical reasons that any such medications were prescribed. Plaintiff may, however, testify in accordance with FED. R. EVID. 803(3) as to his then-existing state of mind or emotional sensory or physical condition, including mental feeling, pain or bodily health. Further, Plaintiff may testify, pursuant to F.R.E. 803(4) as to any statement he made which is reasonably pertinent to medical diagnosis or treatment as well as any statement he made in connection with such medical

diagnosis or treatment which describes medical history, past or present symptoms or sensations, their inception or their general cause. The foregoing statement should not be interpreted as authorizing the Plaintiff to provide or express an opinion as to the medical cause of any condition with which he may be afflicted. Such testimony must be offered by a physician.

C. Defendant's Hearsay Objections to Exhibits 3 and 7

Defendant argues that Plaintiff should not be permitted to introduce proposed Exhibit 3, an April 15, 2008 union grievance, because it is impermissible hearsay. The exhibit states: "Mr. Savidge's disability was commented on by Maintenance Manager Rick Franco to Clerk President John Kishel and Maintenance Craft Director John Wright." Defendant argues that if Plaintiff wants the jury to hear the comment referenced in the exhibit, both John Kishel and John Wright will have to testify. Defendant also maintains that Exhibit 3 is irrelevant, and that its mention of the word "disability" is misleading and prejudicial.

Plaintiff, on the other hand, argues that Exhibit 3 should not be excluded as hearsay because it falls under the business records exception.

> The business records exception permits admission of documents containing hearsay provided foundation testimony is made by "the custodian or other qualified witness," that: (1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements contemporaneously with the actions that were the subject of the reports; (3) the

declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business.

*United States v. Pelullo*, 964 F.2d 193, 200 (3d Cir. 1992)(citing *Furst*, 886 F.2d at 571; Fed.R.Evid. 803(6)).

The grievance may be introduced pursuant to F.R.E. 803(6): "Records of a Regularly Conducted Activity," provided the foundation criteria required under 803(6)(A)(B)(C)(D) and (E) are satisfied. Further, to the extent that there are hearsay statements set forth in the grievance, Rule 805 requires that such hearsay, in order to be admissible, conform with an exception to the hearsay rule. Thus, the grievance in this case reveals that the "grievant and/or steward" who filed a grievance are "Gary Savidge/John Kishel." Plaintiff will thus be required to offer the testimony of Mr. Kishel as to the assertions set forth in the grievance as to which he, Plaintiff, does not have personal knowledge.

The statement contained in the grievance is also relevant to Plaintiff's cause of action regarding whether Defendant perceived Plaintiff as suffering from a disability.  Plaintiff will not be permitted to offer the statement as evidence of a disability, but rather, to show that Defendant may have perceived Plaintiff as being "disabled."  Accordingly, Plaintiff will be permitted to enter the grievance (Plaintiff's Exhibit 3) into evidence subject to the above requirements.

Defendant further objects to Plaintiff's introduction of Exhibit 7, which contains Plaintiff's EEO affidavit. In this affidavit, Plaintiff describes a conversation between Franco and Kishel, but does so in his own words: "he did not think that I could do the job or that I could not even climb a latter (sic)." This is inadmissible hearsay and will be excluded from trial unless John Kishel first testifies as to the content of his conversation with Franco and, in doing so, provides his testimony as to what was said to him by Franco or Franco himself acknowledges the statement which is recorded in Plaintiff's EEO Affidavit. A description of the conversation as translated by Plaintiff is insufficient to constitute proper evidence offered to prove the truth of a matter asserted consistent with FED. R. EVID. 801(c). Accordingly, Plaintiff's Exhibit 7 is properly subject to objection with respect to any hearsay statements contained in it unless such statements are presented as the testimony of the person who made such statements.

D. Defendant's Motion to Preclude Exhibits 2, 5, 6, and 22

Defendant contends that Plaintiff intends to introduce a "progress note from his medical record" dated September 1, 2004, as Exhibit 2. This same note is also included as a part of Exhibit 22. Defendant argues that the notes should be excluded because they are irrelevant to the question of a perceived disability.

Plaintiff's medical record is generally irrelevant to the question of whether Defendant perceived Plaintiff as being disabled. The record would only be relevant if Plaintiff could establish that this record, including the progress note, was seen by any of Defendant's employees who participated in the decision to refuse Plaintiff's transfer request. Because the question for the jury is one of perception, and not the existence of an actual disability, the introduction of Plaintiff's medical record, except as stated herein, would only serve to confuse and mislead the jury. Accordingly, the introduction of such evidence will not be permitted absent a showing by Plaintiff that Defendant or his decision makers saw the medical records in question.

Exhibits 5 and 6 contain the union's request for Plaintiff's custodial test scores dated April 30, 2008, and a union grievance worksheet regarding the denial of information dated May 15, 2008, respectively. These exhibits may have relevance with respect to Plaintiff's claim that the reasons offered by Defendant for its refusal to grant him a transfer to a custodial position, particularly including Defendant's claim that Plaintiff had an unacceptable attendance record, were a pretext for unlawful discrimination. Accordingly, Defendant's Motion as to these exhibits is denied without prejudice and may be renewed at trial when the exhibits are introduced and Plaintiff presents its arguments for their relevance and admissibility.

The portion of Plaintiff's Exhibit 22 containing the VA's decision that

Plaintiff is disabled may have probative value depending upon the evidence

adduced at trial as to the Defendant's knowledge of the VA decision. Whether

Plaintiff had a disability as determined by the VA is irrelevant for the purpose

of determining whether Defendant perceived Plaintiff as being disabled. Thus,

Exhibit 22 may not be permitted into evidence unless Plaintiff can establish

that Defendant or his decision-makers saw the documents, which would then

make them relevant to the perception of disability analysis.

The VA's perception of Plaintiff as being 40% disabled, if known by

Defendant and his decision-makers, could reasonably have influenced those

in a position to transfer Plaintiff. Thus, if Plaintiff can show that Defendant and

his decision-makers had access to the content of Exhibit 22, it will be

permitted to be introduced at trial; however, absent such a showing, Plaintiff

will not be permitted to use the contents of Exhibit 22 to prove its case as the

exhibit would be irrelevant to Plaintiff's cause of action and would only serve

to mislead the jury. If Exhibit 22 is entered into evidence, Plaintiff must

provide a copy without handwriting and highlighting, and the exhibit will need

to be authenticated at trial.

E. Compliance with Federal Rule 26

Defendant contends that Plaintiff has identified 46 witnesses for trial, but

has refused to disclose the subject matter of the information within each

witnesses possession in contravention of Rule 26(a)(1)(A)(i). Plaintiff argues that an Amended Disclosure provided the names and known contact information of all witnesses, as well as a generalized statement as to their knowledge of the case.

Rule 26 is to be construed broadly, especially given that Defendant's disclosures are similarly ambiguous to those provided by Plaintiff. Under the Rule, the parties are required to disclose the relevance of each witness, but neither side has done so beyond a meager, catch-all in which they indicate that the witness may have information related to the case. This is, however, sufficient, especially because the official positions of the witnesses are generally identified. Accordingly, the Court finds that Plaintiff has complied, albeit barely, with its obligations under Rule 26, and Plaintiff will not be precluded from using the witnesses listed in its disclosures at trial.

## CONCLUSION

For the reasons set forth in this memorandum, the Motions in Limine will be granted in part and denied in part. An appropriate Order will follow.

DATE: January 23, 2013

Robert D. Mariani
United States District Judge