## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY A. SAVIDGE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **3:08-CV-02123** |
| | : | **(JUDGE MARIANI)** |
| PATRICK R. DONAHOE, | : | |
| Postmaster General, | : | |
| | : | |
| Defendant. | : | |

**FILED**
**SCRANTON**

JUN 3 - 2015

PER _____
DEPUTY CLERK

## OPINION AND ORDER

The background of this order is as follows. A jury verdict and judgment were entered in favor of the Defendant in this Rehabilitation Act action on January 30, 2013. (*See* Judgment, Doc. 142; Special Verdict Questions, Doc. 141.) Defendant filed a request for taxation of costs for the amount of $2,343.40 on February 6, 2013. (*See* Def.'s Request for Taxation of Costs, Doc. 152.) Plaintiff never filed an objection to the taxation of costs, but instead filed a Notice of Appeal before this Court had the opportunity to rule on certain pending motions and before the Clerk of Court had opportunity to address the request for taxation of costs. (*See* Notice of Appeal, Doc. 159.) That appeal was denied in its entirety and the District Court's judgment was affirmed. (*See* Mandate of U.S. Ct. of App., Doc. 161, at 2.)

On October 14, 2014, the Clerk of Court taxed costs in favor of Defendant in the amount of $1,866.31 and entered a concurrent judgment to that effect. (*See* Clerk's Taxation of Costs, Doc. 163, at 1; Judgment, Doc. 164.) In so doing, the

Clerk rejected several items of requested costs, including $213.60 that Defendant requested for making copies of trial exhibits. (*See id.* at 2-3.)

Defendant appealed the Clerk's taxation pursuant to Local Rule 54.3 on October 21, 2014. (*See* Def.'s App. to Taxation of Costs, Doc. 165.) Defendant limited his appeal, however, to the Clerk's determination that the aforementioned expenses for copies of trial exhibits in the amount of $213.60 are not taxable. (See *id.* at 1.) The Plaintiff has not filed a response to Defendant's appeal. Notwithstanding this apparent lack of opposition, the Court will proceed to address the merits of the appeal.

Federal Rule of Civil Procedure 54(d)(1) provides that, in general, "costs—other than attorney's fees—should be allowed to the prevailing party." 28 U.S.C. § 1920 enumerates several categories of "expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987); *see also Taniguchi v. Kan Pac. Saipan, Ltd.,* ___ U.S. ___, 132 S. Ct. 1997, 2006, 182 L. Ed. 2d 903 (2012). Thus, section 1920 operates as a limitation on a court's decision to award costs under Rule 54(d)(1). *See Crawford,* 482 U.S. at 445; *Taniguchi,* 132 S. Ct. at 2006.

Under 28 U.S.C. § 1920, six categories of taxable costs are identified. Section 1920(4) is the most relevant, which identifies "fees for exemplification and the costs

of making copies of any materials where the copies are necessarily obtained for use in the case." See generally 28 U.S.C. § 1920.

District courts in the Third Circuit often "tax costs for trial exhibits and demonstrative exhibits pursuant to 28 U.S.C §1920(4) and generally allow the recovery of costs for printing, enlarging and mounting of trial exhibits when those exhibits are helpful to the court and jury." Stevens v. D.M. Bowman, Inc., No. 07-2603, 2009 WL 117847, at *6 (E.D. Pa. Jan. 15, 2009) (collecting cases); see also Bulla v. Sea-Land Serv. Inc., No. 91-3204, 1994 WL 325923, *1 (E.D. Pa. June 30, 1994); Burks v. City of Philadelphia, No. 95-1636, 1998 WL 351705, *5 (E.D. Pa. Jun. 26, 1998). Courts have held that even the costs of trial exhibits not introduced at trial may be taxed if "the copies were made in a diligent manner, based on well founded anticipation of use at trial and were thus necessarily obtained." See, e.g., Burks, 1998 WL 351705, at *5.

As noted above, the defendant incurred $213.60 in unchallenged expenses for copying trial exhibits. There is no reason to believe that these exhibits were not copied as part of a diligent and reasonable course of trial preparation. Indeed, Defendant was required to provide copies of all such exhibits to the court and Plaintiff under Local Rule 16.3(b), while the copies provided to the witnesses and Defendant may well have aided in the smooth and efficient facilitation of the trial. There is, moreover, no evidence to suggest these trial exhibits were unhelpful to the

court and jury in the disposition of the trial. Thus, the costs of making copies of these exhibits were necessarily incurred for use in the case and should be permitted under 28 U.S.C. § 1920(4).

The Clerk erred in rejecting the original request for trial exhibit expenses. Though the Clerk cited *Sphere Drake Insurance PLC v. Trisko*, 66 F. Supp. 2d 1088 (D. Minn. 1999), for the proposition that documents provided to Plaintiff during discovery are not subject to taxation, (*see* Doc. 163 at 2), that same court also allowed photocopying charges of 649 pages of *trial exhibits* to be taxed under 28 U.S.C. § 1920(4), *see Sphere Drake*, 66 F. Supp. 2d at 1094. It appears that the Clerk interpreted Defendant's Bill of Cost as mere general "expenses claimed for trial exhibits," and not as expenses specifically incurred for photocopying. (Doc. 163 at 3.) While the former expenses may not be taxable, the Court believes that it is clear from the Bill of Costs that Defendant actually sought reimbursement for photocopying expenses. This is clearly permitted under 28 U.S.C. § 1920.

**AND NOW, THIS 2ND DAY OF JUNE**, upon consideration of Defendant's Appeal from the Clerk of Court's Bill of Costs, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Objections (Doc. 165) are **SUSTAINED**.

2. The Clerk's Judgment (Doc. 164) is **VACATED**.

3. Pursuant to Federal Rule of Civil Procedure 54(d)(1), judgment is **ENTERED** against the Plaintiff Gary A. Savidge and in favor of the

4

Defendant Patrick R. Donohoe, Postmaster General, in the amount of $2,079.91.

Robert D. Mariani
United States District Judge